By the Court.
O’G-orman, J.
The learned trial judge directed that the jury find for the defendant Laimbeer, and that the exceptions be heard first at general term.
The chief contention is, whether defendant Laimbeer was a special or a general partner in the firm, carrying on business in New York under the name of “ William I. Phillips,” and the decision will depend on the question, whether he did ‘ ‘ actually and in good faith ” pay into the common stock of that firm $20,000.
*89 The defendant Laimbeer had been, before October 1, 1883, a partner in the firm of “Phillips & Go.,” the members of which were, William I. Phillips—its financial and managing partner, Frederick Phillips—who did the outside business, and Laimbeer—who claimed to have been a special partner, and who had actually put $20,000 into the firm. That firm came to an end by mutual consent on October 1, 1883, and it was agreed between said William I. Phillips and Laimbeer, that a new firm should be composed of William I. Phillips, the general partner, and Laimbeer, the special partner, the latter putting into that firm also, the sum of $20,000. The name of the new firm was to be “William I. Phillips.”
About noon on October 1, 1883, William I. Phillips and Laimbeer met at Laimbeer’s office in New York, for the purpose of closing the connection of Laimbeer with the old firm, and starting the new firm. The first thing to be done, was to pay back to Laimbeer the $20,000 he had contributed as special partner to the old firm of “Phillips & Go and to that end, William I. Phillips, as representing the old firm, drew a check of that firm on the Manhattan Bank for $20,000, dated October 1, 1883, payable to Laimbeer, or his order. This check Laimbeer deposited on that day in the Produce Exchange Bank, in which he had been for a long time a depositor and director. On the morning of that day, he had in that bank to his credit, and subject to his draft, $13,670.42, and this check raised his balance to about $35,000. On the preceding day, he had arranged with the cashier of that bank, to have for him twenty bank bills of one thousand dollars each, and on October 1, he got these bank bills, giving his check for the amount to the Produce Exchange Bank. The money so contributed by Laimbeer to the old firm having been thus repaid him by William I. Phillips, as representing the old firm, Laimbeer handed to him, as general partner of the new firm of “Wilham I. Phillips,” the twenty one-thousand-dollar .bank notes, *90 and these bank notes were, on that day, deposited in the Manhattan Bank to the credit of the new firm.
So far, all seems to have been done correctly, and according to the proper intention of the parties. On the same day, however, William I. Phillips drew a check of the new firm for $20,000, payable to the order of “ Phillips & Co.,” the old firm. This was the first check drawn in the name of the new firm, and it was indorsed in the handwriting of William I. Phillips, thus—“deposited by Phillips & Co.” This check was deposited on that day to the credit of “Phillips & Co.,” the old firm, in the Manhattan Bank, and was given without any valid consideration moving to the new firm, and, from all that appears, exhausted all the money of the new firm on that day.
There is no evidence that defendant Laimbeer was aware of the drawing of that check by William I. Phillips, or that he in any way assented to or connived at it. There is no apparent motive for his doing so.
It is conceded by the plaintiffs, that on the whole of Laimbeer’s testimony, the jury had the right to find in his favor on that issue ; but they claim that he was an interested person, and that the jury were not bound to accept his memory in his own favor, and that the. case should have been sent to the jury.
That argument would have weight, if his testimony had been opposed by that of others, not hable to be impugned on the same or any other account. But in this case, I can find no testimony from which an inference can be fairly derived, that Laimbeer had knowledge of, or was a party to, or was in any way responsible for the drawing of that check.
Proof of fraud, although it may seldom be sustainable by direct evidence, but must be gathered from circumstances, must yet not be left to mere conjecture and surmise. The inferences must be founded on facts, and be their legitimate consequence. There is nothing in the facts of the case, which would sustain a verdict adverse *91 to him on that question, and in so holding, no error was committed by the trial judge.
As to the other objections to the existence of a special partnership, they are, in my opinion, not well taken. The publication of the terms of the limited partnership was made with reasonable diligence, and without any unreasonable delay. The certificate filed described, with reasonable certainty, the nature of the business to be carried on by the firm.
The judgment should be for defendant Laimbeer, with costs.
Sedgwick, Oh. J., concurred.